IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| LAMEEK S. JOHNS, | ) | |
|---|---|---|
| Plaintiff, | ) | Civil Action No. 7:18cv00150 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| E. GWINN,[1] | ) | By: Norman K. Moon |
| Defendant. | ) | United States District Judge |

Lameek S. Johns, a Virginia inmate proceeding *pro se,* filed a civil rights action pursuant to 42 U.S.C. § 1983, alleging that defendant Officer Gwinn used excessive force against him. Officer Gwinn answered the complaint[2] and Johns filed a motion for summary judgment,[3] to which Officer Gwinn responded. After reviewing the record, I conclude that Johns' motion for summary judgment must be denied.

I.

In his verified complaint, Johns asserts that on April 5, 2016, without warning or provocation, Officer Gwinn used Oleoresin Capsicum ("OC") spray[4] on him, spraying him in the face, eyes, and chest, "continuously" for three to four minutes. Johns states that he began "screaming and hollering," but Officer Gwinn and others "ignored" his requests for medical

---

[1] Johns refers to the defendant as "Officer Gwynn"; however, the correct spelling of defendant's name is Gwinn, *see* Docket No. 38-1, and thus, the clerk is DIRECTED to update the docket to note the correct spelling.

[2] In response to a court order directing him to file a motion for summary judgment, Officer Gwinn filed a response indicating that he denies Johns' allegations and believes the allegations to be "utterly fabricated," but is "constrained to admit that" a motion for summary judgment supported by his affidavit would create an issue of fact. Accordingly, Officer Gwinn asks the court to set this matter for trial. *See* Docket No. 18.

[3] I note that Johns calls his motion both a "motion for judgment" and a "motion for summary judgment," and states that he seeks relief pursuant to Federal Rule of Civil Procedure 50(b). Inasmuch a Rule 50(b) motion is not appropriate at this stage of the proceeding, the court has treated his motion as a motion for summary judgment pursuant to Rule 56.

[4] OC spray is a chemical agent similar to what is commonly known as pepper spray or mace and irritates a person's eyes, throat, and nose. *See, e.g., Park v. Shiflett,* 250 F.3d 843, 849 (4th Cir. 2001) (describing the physiological effects of OC spray).

attention. Johns states that he could not see; his face, chest, and arms burned; and he coughed, gagged, sneezed, choked, and gasped for air, while his nose was "continuously running." Later, when Officer Gwinn and another officer came into Johns' pod, Johns advised them that he needed medical attention, but they still ignored his request. Approximately sixty-five minutes after the OC spray was used, Johns was moved from his cell and later provided with a shower.

In response to Johns' motion for summary judgment, Officer Gwinn submits an affidavit denying that he used any force against Johns. Officer Gwinn avers that he did not spray Johns with OC spray and did not refuse to decontaminate him. Officer Gwinn also submits an affidavit from Unit Manager Swiney who avers that records reflect that on April 5, 2016, Officer Gwinn stated that Johns threatened to break a sprinkler head in his cell, but that when Officer Gwinn removed his OC canister from its holster, Johns ceased his activities and Johns returned the canister back to its holster. Unit Manager Swiney also avers that a review of rapid-eye video confirmed Officer Gwinn's account and that there "was no evidence to substantiate" Johns' allegation the Officer Gwinn ever used OC spray in Johns' cell.

## II.

A party is entitled to summary judgment if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact. Fed. R. Civ. P. 56(a). Material facts are those necessary to establish the elements of a party's cause of action. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists if, in viewing the record and all reasonable inferences drawn therefrom in a light most favorable to the non-moving party, a reasonable fact-finder could return a verdict for the non-movant. *Id.* The moving party has the burden of showing – "that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case."

*Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the movant satisfies this burden, then the non-movant must set forth specific, admissible facts that demonstrate the existence of a genuine issue of fact for trial. *Id.* at 322-23. A party is entitled to summary judgment if the record as a whole could not lead a rational trier of fact to find in favor of the non-movant. *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991); *see Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 62 (4th Cir. 1995) ("Mere unsupported speculation . . . is not enough to defeat a summary judgment motion."). However, summary judgment is not appropriate where the ultimate factual conclusions to be drawn are in dispute. *Overstreet v. Ky. Cent. Life Ins. Co.*, 950 F.2d 931, 937 (4th Cir. 1991). A court may not resolve disputed facts, weigh the evidence, or make determinations of credibility. *Russell v. Microdyne Corp.*, 65 F.3d 1229, 1239 (4th Cir. 1995); *Sosebee v. Murphy*, 797 F.2d 179, 182 (4th Cir. 1986). Instead, a court accepts as true the evidence of the non-moving party and resolves all internal conflicts and inferences in the non-moving party's favor. *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979).

### III.

Johns alleges that Officer Gwinn used excessive force against him when he used OC spray on Johns. Having reviewed the record, I conclude that genuine disputes of material facts preclude summary judgment and, therefore, will deny Johns' motion.

The Eighth Amendment prohibits prison officials from inflicting unnecessary and wanton pain and suffering on prisoners. *Whitley v. Albers*, 475 U.S. 312, 320 (1986). To resolve a claim that prison staff's excessive force violated the Eighth Amendment, the court must determine whether the force applied was "in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Id.* at 320-21. Whether the force was necessary or intentionally aimed at inflicting unnecessary physical harm depends on

factors such as the need for the application of force, the relationship between the need and the amount of force used, the extent of injury inflicted, the extent of the threat to the safety of staff and inmates reasonably perceived by responsible officials, and any efforts made to temper the severity of a forceful response. *Id.* at 321; *see, e.g., Wilkins v. Gaddy*, 559 U.S. 34 (2010).

Johns states that he was not resisting staff, attempting to assault anyone, refusing any orders, or breaking any prison rules when Officer Gwinn used OC spray on him for three to four minutes, without warning or provocation. Officer Gwinn, on the other hand, denies using OC spray on Johns at all. Johns submits a medical record that shows that he was decontaminated from OC spray on the date of the incident.

Having reviewed the record as a whole and drawing all reasonable inferences in the light most favorable to Gwinn, the non-moving party, I conclude that there are genuine issues of material fact precluding summary judgment. Accordingly, I will deny Johns' motion as to this claim.

**IV.**

Johns alleges that Officer Gwinn subjected him to cruel and unusual living conditions when Officer Gwinn failed to decontaminate Johns after using OC spray on him. Having reviewed the record, I conclude that genuine disputes of material facts preclude summary judgment and, therefore, will deny Johns' motion.

To establish that living conditions constitute cruel and unusual punishment, a prisoner must prove (1) that "the deprivation of a basic human need was objectively sufficiently serious," and (2) that "subjectively the officials acted with a sufficiently culpable state of mind." *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993) (internal quotation marks omitted). Only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment

4

claim regarding conditions of confinement. *See, e.g., Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992). In order to demonstrate such an extreme deprivation, a prisoner must allege "a serious or significant physical or emotional injury resulting from the challenged conditions," *Strickler*, 989 F.2d at 1381, or demonstrate a substantial risk of such serious harm resulting from the prisoner's exposure to the challenged conditions, *Helling v. McKinney*, 509 U.S. 25, 33-35 (1993). The subjective component of an Eighth Amendment claim challenging the conditions of confinement is satisfied by a showing of deliberate indifference by prison officials. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "Deliberate indifference entails something more than mere negligence . . . [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 835. It requires that a prison official actually know of and disregard an objectively serious condition, medical need, or risk of harm. *See id.* at 837; *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995).

Johns' allegations of being left for approximately sixty-five minutes after being sprayed with OC, while suffering pain and having difficulty seeing and breathing, describe conditions that satisfy the objective requirements of his claim. Furthermore, Johns states that Officer Gwinn "ignored" Johns' requests for medical attention and decontamination. Officer Gwinn denied the whole incident. Due to genuine disputes of material facts between Johns' and Officer Gwinn's versions of the incident, a trial is necessary to resolve this claim. Accordingly, I will deny Johns' motion for summary judgment as to this claim.

## V.

For the reasons stated, the court will deny Johns' motion for summary judgment and this matter will be set for a bench trial. I will refer this matter to a magistrate judge for further proceedings, including the bench trial.

**ENTER**: This  9th  day of May, 2019.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE