# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | |
|---|---|
| LAMEEK JOHNS,<br><br>                                    *Plaintiff*,<br>     v.<br><br>GWINN, *Correctional Officer*,<br><br>                                    *Defendant.* | CASE NO. 7:18-cv-00150<br><br>ORDER<br><br>JUDGE NORMAN K. MOON |

      The plaintiff Lameek Johns filed suit against the defendant Gwinn, a correctional officer at Red Onion State Prison, claiming that Gwinn used excessive force when he fired OC spray at Johns without justification, violating the Eighth Amendment. The Court referred this matter to the magistrate judge, who conducted a bench trial and issued a Report & Recommendation that recommended that the Court rule in Gwinn's favor as well as deny Johns' spoliation motion.

      Reviewing the trial testimony and other record evidence *de novo*, the Court sustained Johns' objections to the R&R, concluding that the weight of the evidence showed that Gwinn assaulted Johns with OC spray without justification, and that Johns had established that he was entitled to sanctions on account of the Virginia Department of Corrections' failure to preserve relevant video evidence—just not to the degree sought. Accordingly, the Court concluded that Gwinn's actions violated Johns' Eighth Amendment rights, and that he was entitled to punitive damages for a total award of $4,000.

      Gwinn's counsel thereafter filed a lengthy motion to vacate, alter or amend the judgment. Dkts. 81, 82. In particular, Gwinn argued that the Court improperly "disregard[ed] the credibility findings of the magistrate judge, which were based upon the presentation of live testimony at the

1

evidentiary hearing," when the Court ruled in Johns' favor on his objections to the R&R based solely on the written record. Dkt. 82 at 2. Thus, "if this Court questions the credibility findings of the magistrate judge, the proper remedy is not to reject those findings outright, but rather, to convene a separate hearing so that this Court may hear and resolve the testimony of the witnesses for itself, prior to entering final judgment." *Id.* at 2–3; *id.* at 64–67. Gwinn also contended that this Court erred in holding that Johns was entitled to sanctions, *id.* at 28–62, and further objected to specific facts the Court had found, *id.* at 67–71.

      Now with the assistance of counsel, Johns filed an opposition to the motion. Dkt. 91. Johns argued that "[t]he evidentiary record fully supports" the Court's finding that Gwinn pepper-sprayed Johns for no reason. *Id.* at 1. On the issue of credibility determinations, Johns argues that while district judges generally may rehear witness testimony before rejecting case-dispositive credibility recommendations, they may reject it where there is an "articulable basis for rejecting the magistrate's original resolution of credibility." *Id.* at 28 (quoting *United States v. Marshall*, 609 F.2d 152, 155 (5th Cir. 1980)). Johns also contends that the Court properly granted his spoliation motion, and that the sanction the Court imposed to "discount the credibility of witness testimony about the contents of spoliated evidence" went no further than necessary "to level the evidentiary playing field." *Id.* at 27; *see id.* at 15–27.

      A district court possesses "broad discretion to accept, reject, or modify the magistrate's proposed finding," which "includes hearing the witnesses live to resolve conflicting credibility claims." *United States v. Raddatz*, 447 U.S. 667, 680 (1980). The Court has also considered the cited precedent counseling against making a different credibility assessment from a magistrate without hearing the witness(es) in question live, where such credibility determinations would be dispositive. *See id.* at 681 n.7; *see also United States v. Johnson*, 107 F. App'x 322, 331–32 (4th

Cir. 2004) (Duncan, J., dissenting) (unpublished) (citing cases). There is little if any reason for such concerns whether credibility assessments were made on a "cold record," to go unaddressed without the Court's hearing live the testimony of material witness. Dkt. 82 at 24, Dkt. 91 at 27. The Court sees little "risk of an erroneous determination by reason of the process afforded," but some greater "probable value of the added procedural safeguards" by affording the parties the ability to call material witnesses before this Court. *See Raddatz*, 447 U.S. at 677. The public interest can also be furthered by so proceeding, with little administrative burden given that this was and could be at most a one-day trial. *See id.* The parties' private interests do not counsel in favor of a different result, and indeed both parties have noted the possibility of the Court holding a new evidentiary hearing. Dkt. 82 at 2–3, 71–72; Dkt. 91 at 37. Gwinn's arguments challenging the Court's spoliation ruling are also enmeshed with his arguments about credibility assessments, *e.g.*, Dkt. 82 at 3, 31–32, 40, and so are best considered following the presentation of any live witness testimony.* The Court finds such limited and incremental relief warranted to permit the Court's fulsome assessment of Johns' claim and the parties briefing following this Court's entry of its Findings of Fact & Conclusions of Law and Judgment Order. *See* Fed. R. Civ. P. 52(b) (permitting motion to amend findings of fact and conclusions of law, make new findings); Fed. R. Civ. P. 59(e).

     For these reasons, the Court will hear live testimony of such witnesses as the parties consider material to the Court's consideration of Johns' claim, and for which the Court should assess their credibility to rule on the merits of such claim as well as Johns' spoliation motion. Within **fourteen (14) days** each side shall file a submission with their position as to evidence

---

     * By ordering a new evidentiary hearing for these reasons, the Court need not rule upon the merits of any issue otherwise presented in the parties' briefing at this time.

they will seek to introduce and witness(es) they will call at such evidentiary hearing, but, absent leave of court, no witness or evidence shall be called that was not previously introduced at trial. The parties **shall forthwith** contact the Court's scheduling clerk, Heidi Wheeler, at (434) 296-9284, to schedule a day for the Court to conduct said evidentiary hearing, which shall be conducted by videoconference.

Following the evidentiary hearing, the Court will give the parties the opportunity to file motion(s) and supporting memoranda (including if either party so chooses, to refile or amend their briefs in Dkts. 82 and 91, to the extent they have not heretofore been addressed) or to file proposed or amended findings of fact and conclusions of law.

For these reasons, Gwinn's motion to vacate, alter, or amend the judgment is **GRANTED in part** and to the extent set forth above and is otherwise **DENIED in part**, *without prejudice* to reraise such arguments. Dkt. 81. The Court's prior Findings of Fact & Conclusions of Law and Judgment Order are **VACATED**, pending this Court's conduct of the evidentiary hearing and resolution of any supplementing filings thereon. Dkts. 79, 80.

It is so **ORDERED**.

The Clerk of Court is directed to send a certified copy of this Order to the U.S. Marshal's Service, the Warden of Red Onion State Prison, and all counsel of record.

Entered this  14th  day of April, 2022.

*[Signature: Norman K. Moon]*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

4