IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

LAMEEK S. JOHNS,

    Plaintiff,

v.                             CASE NO. 7:18cv00150

E. GWYNN,

    Defendant.

**DEFENDANT'S DESIGNATION OF WITNESSESS AND EXHIBITS**

COMES NOW Defendant Gwynn, by counsel, and, pursuant to Rule 26(a)(3) of the *Federal Rules of Civil Procedure* and in response to this Court's order of April 14, 2022 (ECF No. 95), hereby identifies the following witnesses and exhibits for presentation at trial:

**I.    WITNESSES WHO TESTIFIED AT THE 8/5/19 EVIDENTIARY HEARING**

    1.    **Defendant Edward Gwinn**. Defendant Gwinn will testify as to his observations and actions on April 5, 2016.

    2.    **Former Unit Manager Walter Swiney**. Mr. Swiney will testify about his investigation into the Plaintiff's allegations against Defendant Gwynn, including his own review of the RapidEye video surveillance from April 5, 2016.

    3.    **Sgt. J. Fleming**. Sgt. Fleming was the D building supervisor on April 5, 2016, and he will testify about his investigation into the Plaintiff's allegations against Defendant Gwynn, relative to the informal complaint submitted by the Plaintiff (ROSP-16-INF-00610). He will also testify about his own observations and actions on April 5, 2016.

4.     **Senior Correctional Officer Brandy Lewis**. Officer Lewis was a floor officer in the D3 housing unit on April 5, 2016, and he will testify about his own observations and actions relative to the claimed use-of-force incident.

5.     **Correctional Sergeant Michael Williams**. Officer Williams was the D pod gun post officer on April 5, 2016, and he will testify about his own observations and actions on April 5, 2016, relative to the claimed use-of-force incident.

6.     **Correctional Officer Mark Mullins**. Officer Mullins was the D pod control booth officer on April 5, 2016, and he will testify about his own observations and actions on April 5, 2016, relative to the claimed use-of-force incident.

## II.    WITNESSES WHO DID NOT TESTIFY AT THE 8/5/19 EVIDENTIARY HEARING

Defendant identifies as potential witnesses the following individuals who did not testify at the 8/5/19 evidentiary hearing, and for whom, in accordance with this Court's order, leave of court must be obtained in order for them to testify. The reason that each individual would be potentially called to testify is set forth, specifically, below.

1.     **Former Investigator Joe Fannin.** At the time of the initial evidentiary hearing, former investigator Joe Fannin was no longer working at Red Onion State Prison, and he was not available to testify at trial. As explained in Defendant's Motion to Vacate, Investigator Fannin was not called to testify because Defendant did not believe the Court was taking evidence on the spoliation motion, and counsel believed his testimony as to the actual events in question would have been cumulative. Nonetheless, in the Court's now-vacated memorandum opinion, the Court faulted counsel for not calling Investigator Fannin to discuss the prison's evidence-preservation policies and his own investigation into the claimed incident. Investigator Fannin

2

has returned to the Virginia Department of Corrections, and, accordingly, it is anticipated that he will now be available to testify in this matter. Defendant requests leave of court to add Investigator Fannin to his list of potential witnesses.

2. **Nurse Patricia Adams**. During the initial evidentiary hearing, the Plaintiff testified that Nurse Adams was present on the floor of the housing unit when the alleged incident occurred. Nurse Adams is also the individual who made notes in the Plaintiff's medical chart regarding the requests for permission to potentially use o/c spray or electronic device on the Plaintiff. Defendant did not call Nurse Adams to testify at the initial hearing because it did not appear she was on the floor of the housing unit at the time of the alleged incident and did not believe she would be able to add significant substantive information regarding that claimed event. In light of the Plaintiff's repeated assertion and testimony that Nurse Adams was in the housing unit at the time of the claimed incident, Defendant requests leave of court to add Nurse Adams to his list of potential witnesses, for both substantive and rebuttal purposes.

3. **Former Nurse Lavinia Mullins**. Nurse Mullins documented that the Plaintiff complained to her about having been exposed to o/c spray on April 5, 2016, and that she allowed him to take a shower. At the time of the initial evidentiary hearing, Nurse Mullins was no longer employed at Red Onion State Prison, and counsel was unable to procure her appearance at trial. Nonetheless, in the Court's now-vacated memorandum opinion, the Court faulted counsel for not calling Nurse Mullins to discuss her interaction with the Plaintiff on April 5, 2016. Although counsel is uncertain whether Nurse Mullins can be located, Defendant requests leave of court to add Nurse Mullins to his list of potential witnesses, for both substantive and rebuttal purposes.

4. **Former Nurse Pamela Surratt**. During the initial evidentiary hearing, the Plaintiff testified that Nurse Surratt was present on the floor of the housing unit when the alleged

3

incident occurred. Nurse Surratt was not called to testify at the initial evidentiary hearing because she was not listed on Defendant's Rule 26(a)(3) pretrial disclosures, and Defendant believed her testimony would be cumulative to that of all the other witnesses who were present in the housing unit. Although Nurse Surratt is no longer employed at Red Onion State Prison, and counsel is uncertain whether Nurse Surratt can be located, Defendant requests leave of court to add Nurse Surratt to his list of potential witnesses.

### III. EXHIBITS

Pursuant to Rule 26(a)(3)(A)(iii), Defendant designates the following materials as exhibits they expect to offer at trial:

1. 04/05/16 D3 Pod Floor Logbook (originally admitted as Defense Ex. 1)
2. 04/05/16 D Pod Control Booth Logbook (originally admitted as Defense Ex. 2)

It is Defendant's position that the magistrate judge's denial of the pre-trial spoliation motion, which was referred to the magistrate judge for disposition under 28 U.S.C. § 636(b)(1)(A), should be revised only if clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72. It is not clear whether a district court judge, reviewing a pretrial ruling under this standard, may take additional evidence into consideration for purposes of resolving objections to those non-dispositive rulings.

Nevertheless, to the extent this Court may request evidence relating to the spoliation motion, Defendant would identify the materials submitted as exhibits to his written response in opposition (ECF No. 48), as follows:

1. Plaintiff's Grievances (ECF No. 48-01)

4

    2.      W. Swiney Affidavit (ECF No. 48-02)

    3.      E. Gwinn Affidavit (ECF No. 48-03)

Defendants also identify the following additional, potential documentary evidence that this Court might deem relevant to the spoliation motion, which was not included with the initial response in opposition:

    1.      VDOC Operating Procedure 030.1, *Evidence Collection and Preservation* (effective June 1, 2015)

Defendant reserves the right to supplement or amend these designations pending trial, including the right to withdraw any designated item from the list of potential exhibits. These disclosures do not include exhibits that would be presented solely for purposes of rebuttal, rehabilitation, or impeachment (including impeachment by prior inconsistent statement), or to refresh the recollection of a witness pursuant to the *Federal Rules of Evidence*. Defendant reserves the right to utilize demonstrative exhibits, such as photographs, diagrams, and illustrations. Defendant further reserves the right to introduce any item designated by the Plaintiff as an exhibit or potential exhibit for this trial.

                                Respectfully submitted,

                                E. GWINN, Defendant.

                    By:    s/ Margaret Hoehl O'Shea
                            Margaret Hoehl O'Shea, AAG, VSB #66611
                            Attorney for named Defendants
                            Criminal Justice & Public Safety Division
                            Office of the Attorney General
                            202 North 9th Street
                            Richmond, Virginia 23219
                            (804) 225-2206
                            (804) 786-4239 (Fax)
                            Email: moshea@oag.state.va.us

## CERFIFICATE OF SERVICE

I hereby certify that on the 28th day of April, 2022, I electronically filed the foregoing Rule 26(a)(3) Trial Disclosures with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following: David R. Berry, Gentry Locke, 10 Franklin Rd. SE, Suite 900, Roanoke, VA  24011, berry@gentrylocke.com (*Counsel for Plaintiff*), and I hereby certify that I have mailed the document to the following non-filing user: N/A

By:  s/  Margaret Hoehl O'Shea
Margaret Hoehl O'Shea, AAG, VSB #66611
Attorney for named Defendants
Criminal Justice & Public Safety Division
Office of the Attorney General
202 North 9th Street
Richmond, Virginia 23219
(804) 225-2206
(804) 786-4239 (Fax)
Email:  moshea@oag.state.va.us